Case number 20-5203 Cletus Woodrow Bohon, et al., Imbalance v. Federal Energy Regulatory Commission, et al. Ms. Hugo for the Imbalance, Mr. Solomon for the Appellee FERC, Mr. Marwell for the Appellee Mountain Valley Pipeline LLC. Good morning, Ms. Hugo. Good morning, Your Honors, and may it please the Court, Mia Hugo for landowner petitioners. Your Honors, I've asked the clerk to reserve three minutes for rebuttal. Your Honors, as a general rule, we know that there are two types of questions. Questions that go to the agency and questions that can only be raised in district court. The issue today is how do we figure out which questions go where? How do we know where to start? Well, Your Honors, we don't have to wonder. The body of case law actually tells us, and it gives us a very clear and consistent line of demarcation. On the one hand, under type A questions, the case law shows us three categories of cases that always go to the agency. The first category is when a landowner alleges non-compliance with the terms of a certificate. The second category is when a landowner is trying to change the location of the pipeline. The third category is preemption cases. Of those three categories, category number one accounts for probably more than 90 percent of the challenges that we see. For example, category one covers Columbia Gas, Western District of Pennsylvania, 2017. It covers Millennium Pipeline, Western District of New York, 2011. It even covers a case heard in this court just last week, City of Miami, Oklahoma versus FERC. In all of those cases, we see that the complaint is a landowner alleging that the certificate itself, the conditions and the terms were violated. And so those cases properly go to the agency. For example, in Columbia Gas, the landowner is complaining that the environmental conditions that were set forth in the certificate were not actually followed by Columbia. And so the district court dismissed for lack of is FERC's job. FERC does that 24-7. In Millennium Pipeline, we see the same thing. You might want to talk about the cases that you say include yours, the category of cases that you say include yours, which in your view don't have to go to the agency. Yes, Your Honor. That would be category cases under Type B. So three categories I'm talking about are Type A. The Type B cases, for example, we see Johnson v. Robeson, 1974 U.S. Supreme Court decision. We see Free Enterprise, 2010. We see SERCO versus Social Security Administration. That's a Third Circuit decision, 2020. We see Thatcher versus Tennessee Gas Company, Fifth Circuit, 1950. And that's a case often cited by MVP and FERC. But if you look at the jurisdiction question, which is the only question before this court, all of those, that case actually was decided on the merits in the district court and in the Fifth Circuit. And it's the exact same question that we have in our account three under the private non-delegation doctrine. A very recent case from the U.S. Supreme Court, Penn East, for example. Penn East, the U.S. Supreme Court, found that there was jurisdiction for New Jersey to raise that claim. But Penn East was already in district court because the district actions, right? There's no dispute that had there been a condemnation action in the district court that this claim could have been brought there, is there? Yes, Your Honor. But there are plenty of the cases that I've cited, Columbia Gas, Millennium Pipeline, others cited by MVP. Those are all defensive actions that were dismissed in district court, even though they were raised as a defense in response to a condemnation action. So the takeaway from Penn East is not that there's jurisdiction because New Jersey raised it as a defense to condemnation action, because we have dozens, in fact hundreds, of cases where the landowner raises a defensive claim in response to the condemnation action and it's still dismissed. And that's because of the nature of the claim. In fact, I point the court to page 2262 of the U.S. Supreme Court's decision, Chief Justice Roberts speaking for the majority, and he says, quote, but they have again misconstrued the issue in this case as whether the United States can delegate its eminent domain power to private parties. Your Honor, that's the Supreme Court's language. Page 2262, Chief Justice Roberts is saying two important points. Number one, Penn East is about delegation. Number two, the majority is telling us which kind of delegation. He's saying in that quote, he's saying it's not about the delegation of the exemption to 11th of the power of eminent domain to a private party. Right, but that doesn't speak to how and why it's in the district court. Yes, Your Honor, it's in district court because they raised it as a defense. But so we're looking at and we're saying, why did the Supreme Court find that there was jurisdiction? And so and so we ask, well what's the difference between Penn East, because that was raised as a defense to the condemnation action, what is the difference between that defensive claim? Why is there jurisdiction there? And why is there no case where landowners repeatedly raise other defenses? Why are those routinely dismissed? What makes Penn East different? And so that's why it's important to understand what the nature of the claim is, because unlike an appellate court where it matters how the claim got there in in the district court, the you look at the statute that confers jurisdiction and it doesn't matter if it's offensive or defensive. The controlling question is, what is the nature of the claim? And that's why Penn East, just like Thatcher v Tennessee Gas, even even though they're raised defensively, there is jurisdiction in the district court. Well, it very much does matter under Strawbridge and under the well pleaded complaint rule whether something's raised as a claim or raised as a as a defense. In the context of the Natural Gas Act, I think this language from the majority speaks to how we determine which claims relating to a pipeline can stay in district court and can only be raised in district court and which claims can't. Because Chief Justice John Roberts goes on to explain that that distinction, that substantive distinction about what the substance is of the defensive claim is is critical to the Supreme Court's decision. Because if it were, if pennies were about the 11th Amendment, if that was the delegation that was important, then the delegation has to be, quote, unmistakably clear. The language has to be unmistakably clear. But because pennies is about the delegation of federal eminent domain power to a private party, because that's the central question, the delegation language does not need to be unmistakably clear. And that's why that distinction is critical. And that's what makes pennies different. But moving back to the categories of cases, which are most of the cases that we see where you leave pennies in New Jersey, seek to set aside perks order pennies. No, Your Honor. Actually, it was a it was a constitutional facial. Your Honor, as I see, I've my time has expired. I've all right. You can continue will give you rebuttal time as long as the judges have questions. They won't use up your rebuttal time. Okay, thank you, Your Honor. Well, so it was my follow up. If New Jersey didn't seek to modify perks order pennies, which I agree with you, not is do you seek to modify or set aside perks order in this? No, Your Honor. Neither New Jersey nor we seek to modify the actual order. And you don't want to set aside perks order in no, Your Honor. That's not the That's not the, um, relief that we seek. We seek to, um, to find that the entire scheme is unconstitutional. Do you want to do that? We want the N. G. A. To be found unconstitutional. And that's why do you want? Why do you want it to be found under the non delegation doctrine? Why? Why do you your client as opposed to any other person in the world who might not have standing? What is your client want this court to find that there's a non delegation? I think your honor's point is going to standing. My clients have to have a concrete and particularized injury. In fact, it's capable of being redressed. It's not just standing. My question is, I'm trying to get out. What would be the fact of us agreeing with you? And I think the effect of us agreeing with you is that perks order would be set no, Your Honor. The effect of this court agreeing with me today is only that my clients get a trial on the merits of hearing on the merits in the district court. That's the only question today. And that was what happened in New Jersey. And in fact, the rule the rule we're not seeking to set it aside because, as noted by the Supreme Court in pennies, New Jersey did. The reason they say it's not like the city of Tacoma is because New Jersey did not run the state court to try to enjoin the pennies certificate. If you had a district court, what can you want? What? What would happen? It would not be able to issue all certificates in the entire country would be void. But the district court has, including the certificate in this, including the certificate that's affecting our clients. But such would be true as well. If New Jersey had one, are there any cases in what you described in the beginning is category B, where the effect of the effect of the case would have been to set aside for pennies? Your Honor, the Oh, under under Category 1, 2 and 3. No, no, sorry. So you said the category a not like your case. Yeah, there's three subcategories. You said Category B is like your case. Yes, I'm asking if there are any precedents in Category B where the effect of a successful suit would have been to set aside. Uh, well, Your Honor, if something if the enabling legislation is rendered unconstitutional, then the effect is that all certificates would be set aside, not just your particular certificate. I point your honor to Delaware Riverkeeper 2018 decision from this court and to no gas pipeline. 2014. Another decision from this court. I'm sorry. What was N O gas pipeline? Is that? Yeah, I know. Gas pipeline 2014, where the D. C. Circuit Court actually found declined to exercise jurisdiction because this court did not have jurisdiction in the first instance, and therefore the D. C. Circuit does not have jurisdiction in the second instance. And that was also a claim where those two cases there were. MVP says there were no orders that were being that were involved in those two claims. But there actually were certificate orders in both of those claims. And this court said that those have to originate in district court, even though there was an order that would be affected in Delaware Riverkeeper. They said it had to be originating in district court, but they didn't question its origination in district court. And there they said that that was because it was a challenge to the Budget Act. Yes, Your Honor wasn't a challenge to certificate orders, either in particular or in general. Yes, Your Honor. That's true. It was a challenge arising under the Budget Act. But but the point is, it's analogous to this case because it's not arising under the Natural Gas Act. And we know what arising under means because I point the court to Johnson V fines arising under as meaning the application of a particular provision of the statute to a particular set of facts. So under type a cases, and this maybe goes to your question as well, Judge Walker, under type a cases, the two key takeaways are it goes to the agency if it requires factual development and there's an opportunity for error correction. If the agency and the pipeline company can't fix the problem, then then it has to go to pennies. All right, Miss Hugo will give you your the three minutes that you sought to reserve for rebuttal. And we'll hear now for Mr Solomon on behalf of the commission. Thank you, Your Honors. Morning, Mr Solomon. Good morning, and may it please the court, Robert Solomon for the Commission. Your Honors, I think I will start with Judge Walker's question. What were the plaintiffs here seeking to do? What was their intent? Were they seeking to modify the FERC order and the FERC certificate? And the District Court  found, based upon the complaint that the plaintiffs filed in Federal District Court, that the that the target was, in fact, the FERC order and the FERC certificate. The Supreme Court Penn East decision reaffirms that the appropriate inquiry for the court is to ascertain whether the challenge is effectively, and Your Honor spoke about the effect, whether it is effectively a collateral attack on the FERC order and the FERC certificate. And what the District Court here, Judge Boasberg, found was that the complaint names Mountain Valley Pipeline as a defendant. Counts two and three challenged the Mountain Valley Pipeline. The complaint sought to void ab initio all certificates issued by the FERC, and the complaint sought to enjoin the exercise of eminent domain authority under 15 U. S. C. 7 17 F. Subsection H. Counsel, can I ask you a question about Penn East? In Penn East, could New Jersey have intervened in the FERC proceedings and, and been a party to a petition in the Court of Appeals and raised its sovereign immunity arguments in the Court of Appeals? I think the answer is yes, but I need to qualify. New Jersey was in fact a party in the FERC proceedings and did petition for review. The various instrumentalities of New Jersey were, are petitioners in the 18-1128 case, which is captioned as Delaware Riverkeeper et al. versus FERC. So all of the arguments that New Jersey appropriately preserved in its petition for agency rehearing can be articulated to the Court of Appeals on review of the FERC order. The 11th Amendment issue is a little different because, as the Supreme Court found in Penn East, that was a defense to the state of New Jersey being hailed into federal district court and was a defense that allowed the state to raise its state sovereign immunity and to challenge the New Jersey into court and initiating the condemnation proceeding. So even though New Jersey can raise all of the issues that it raised in the FERC proceeding to the Court of Appeals, Penn East demonstrates that that is one category of issue that is properly presented to the district court. Let me make sure I understand you. Is there any part of the argument that New Jersey made in the U.S. District Court with respect to the 11th Amendment that it could not have made before the Court of Appeals? Yes or no? Yes, I would say there is a part, and the part is the 11th Amendment constitutional challenge, whether the certificate delegated to the private certificate holder, the federal exemption from the exercise of state authority in Penn East, the certificate, the FERC order, did not address the issue of eminent domain over state lands. So it wouldn't have really been ripe until there was an effort to exercise the eminent domain authority? I think that's correct. Whether phrased as a jurisprudential concern, rightness, or whether it's raised as a statutory prerequisite under the Natural Gas Act, that particular 11th Amendment issue is appropriately raised in the district court. But any other issue that seeks to modify or set aside the FERC order is entirely within the exclusive jurisdiction of the Court of Appeals on There's a FERC order, and there's rehearing sought, but there are private landowners who do not participate and are not really paying much attention, and then when a condemnation proceeding is filed in federal district court against them, is it open to them to raise the kind of claim then that Ms. that those would have been forfeit because of failure to raise them in the certificate? It is our view that those claims would have been forfeited. They can't be raised defensively, unlike the claims. And I know the defensive versus offensive terminology was raised in the Supreme Court decision, but the operative inquiry is whether the claim is in fact a collateral challenge, an effort to modify or set aside. I should point out, of course, that there's no argument as to any deficiency in terms of the notice that the landowners... Well, it wouldn't be necessarily an effort to set aside the certificate order. It would be an effort to say, you can't enforce against me. Certificate order being what it is, you can't enforce against my land because there's a constitutional defect. Well, this is the relevant inquiry. It's always a fact-based inquiry. Plaintiffs are trying to turn this into a categorical, generic exception that if there is a delegation claim or if there is some type of constitutional claim that necessarily takes the matter outside of appropriate channeling through the agency and then through the Court of Appeals. I do want to point out that even though the agency in the certificate order said that it wouldn't act as an Article III court and make a judgment on the constitutionality of the statute, the agency in paragraphs 58 to 63 of the certificate did address some of the predicate threshold issues. The commission made reference to the Berkeley and Bold Alliance cases that were percolating in federal district court. It noted that the statute, not the agency, is the entity that conveys eminent domain authority. It noted that as this court has held, the agency's public convenience and necessity finding acts as the public use Fifth Amendment finding. And even more particular and even more germane to this case, in the rehearing order, paragraphs 73 to 75, the agency addressed the issue raised by actual intervener parties in the agency proceeding that Congress had improperly delegated eminent domain authority to private certificate holders. And the agency said that the courts have found that that type of delegation is constitutional, referencing the Thatcher case. That was the 1950 Fifth Circuit decision. And it makes sense that the agency would want to do this as the courts have found, even though we're not experts on adjudicating constitutional issues, the agency can bring its experience in administering the statute. We can bring that to bear. We can possibly obviate the need to address the constitutional issue in the first instance. Judge Wilkins, do you have further questions? No, I do not. All right. Thank you very much, Mr. Solomon. Thank you, Your Honors. And we'll hear now briefly from Mr. Marwell for Mountain Valley Pipeline. Morning, Your Honors. Jeremy Marwell for Appalachian Mountain Valley Pipeline. I could just make three quick points responsive to the dialogue that has just been occurring. The claim that was pleaded in the complaint and addressed in the district court decision below addressed a complaint that sought to seek, sorry, sought to set aside the Mountain Valley Pipeline certificate. You can see that at JA 20 to 23, where they specifically asked the court to declare void. All certificates in Mountain Valley was named as independent. It sought that relief. It had an opportunity to disclaim that relief at any point, but I think it is too late for them to do that now. And this court can decide the case that was pleaded in the complaint and not reach broader questions if there are concerns. On Penn East, I think that was different because as was discussed, New Jersey did not seek to set aside the Penn East complaint in the district court, where it was independent in the condemnation proceeding. You said the Penny's complaint. You mean the Penny's certificate? Right. I'm sorry. It did not seek to set aside the Penny's certificate in the condemnation. In fact, it went further than that. It conceded that for purposes of the condemnation case, the certificate was valid. It also conceded that Penny's had eminent domain authority. It had a very narrow 11th Amendment argument, which was just that Penny's could not be the name on the plaintiff, not be named in the complaint in executing the eminent domain. Not that Penny's could not be named, but that Penny's could not be the named plaintiff in bringing the condemnation case. And they said if the United States or FERC brought the complaint, there would not be an 11th problem because the state had surrendered its sovereign immunity. So that claim was far away from the certificate. It was not tied up with the Penny's certificate in the way that the claim here is, where they named a specific certificate holder and sought relief against that certificate. What about Delaware Riverkeeper? Isn't that a claim that actually could have been brought through the agency? Well, the way this court analyzed that claim in the No Gas Pipeline case and Delaware Riverkeeper was that it was collateral to the dispute about the certificate because they were just talking about the funding structure that was set up in the Budget Act. And this court, I think we have to take those cases understanding the way this court identified the claims. And the court said we view that as, I take it to be essentially wholly collateral to the dispute about the certificate. These claims are not that. Again, because most obviously they seek to set aside the Mountain Valley certificate. But stepping back and looking at them, are they really wholly collateral? I mean, couldn't those same issues have been raised as an objection in a particular case? That the funding structure created bias, that therefore there was a sort of a pro-pipeline energy and that that meant that particular landowners were more likely to be bulldozed and therefore that should have been raised in that context. Standing, interest, why do we care about? One could imagine an as-applied bias claim that a particular proceeding, the decision-maker showed bias. Or both. That it's facially, it's inviting that, and it's happened in our case. I mean, that's often we have both. Right. I think the way this court described the claim in Delaware Riverkeeper, it used the word structural bias. And so the point was, it was not something particular about proceeding, the FERC certificate proceeding. It used the word structural bias because the claim was focused on the funding structure that was set up. Although to be fair, Ms. Hugo characterizes the claim here as a really structural claim. I mean, about the delegation of authority. I think the way the claim is characterized in the complaint, which seeks specific relief against a particular FERC certificate, and each of the substantive complaints, I mean, I take the point that there is something structural about the non-delegation argument. They say, public convenience and necessity words in the Natural Gas Act are not an intelligible principle to guide FERC's discretion. But the account ends by saying, and therefore you need to avoid the certificate. And we're not going to see that if we go back and pull up the complaint in Delaware Riverkeeper. Well, so I think to be fair, the complaint in Delaware Riverkeeper, which I looked at, was fairly wide ranging. And in the district court in that case, arguments were made that there might be as applied claims and facial or structural claims encompassed within the language of the complaint. I read the district court's decision there and more importantly, this court's decision as saying that the court understood itself to be resolving the structural claim. And the arguments were made in district court in that case, that if there were as applied claims sort of encompassed within the complaint, that those were collateral attacks on the certificate and needed to be channeled through that process. I apologize. I think it interrupted you. You got up and said you had three points and I think I derailed you. If you very quickly want to address... I'd rather answer your question. If you very quickly want to address any remaining points, you have it. The third was to respond to your question about whether if a landowner lacked notice, could they raise these claims in a defensive posture in a condemnation case? I mean, first, I think there are no claims about lack of notice here. JA 117 and JA 122 is a listing of all of the notice and actual participation that these landowners undertook in the Mountain Valley Certificates. They were aware of it and they actually participated. They just chose not to intervene. But I think the basic line is we agree with FERC that if it is a collateral challenge to a certificate, that cannot be raised in a condemnation case. All right. Thank you. Your Honor, just a few brief points. First of all, to address Mr. Solomon's point that some type of constitutional claim has to go to district court, the question isn't, is it a facial or an as-applied constitutional claim? The question is, is it a fact-intensive inquiry or not? If it requires factual development and there's an opportunity for error correction, such as the pipeline company is not in compliance with the certificate, they violated the environmental conditions, or we want to change the location of the pipeline, then it goes to the agency. If the constitutional question is a pure question of law that only Congress can fix, as is in this case, then it goes to the district court. Second, Your Honor, moving the pipeline in this case doesn't fix anything because whether the pipeline is on Jimmy's property or on Bobby's property, the law is unconstitutional at all facts. But it very much does change things with respect to your clients and their stake in the case. It could be that FERC could see a claim such as the claim your clients are raising and say, we don't think that's a problem, but to the extent that it is, we don't want to deal with that now, and we're going to reroute the pipeline. Other people are not interested in raising this issue and obviate the need. Or some other course of conduct that neither resolves the issue. But that also doesn't implicate your client's property. So that's part of what we've, at least in our case law, about these channeling statutes have looked at, that kind of obviation or resolution of a presented constitutional issue. Yes, Your Honor, it would remove standing from our clients, but the same would be true in Thatcher v. Tennessee Gas. The same would be true in Penny's. The same would be true in Delaware Riverkeeper. The same would be true in Enno Gas Pipeline because there was a FERC certificate and that would be rendered unconstitutional. So that can't be the rule and it's not the takeaway. If New Jersey had won on the merits, for example, the certificate, the Penny certificate affecting New Jersey's property would be void, but not under an as-applied challenge, but under a facial attack, a pure question of law where there's no opportunity for error correction. Second, Your Honors, to the point about Mr. Solomon and Mr. Marwell's point about, well, this was in Penny's, the only difference is they raised it in the condemnation action, so it's not a collateral attack. Well, first of all, that's not the rule because of all these other cases that were dismissed that were raised defensively, for example, noncompliance with the certificate. But second, and when you refer to all these other cases, you had mentioned some out of jurisdiction cases, but you have a D.C. Circuit or Supreme Court case on that. Pardon me, Your Honor? You refer to all these other cases where the claim was raised in a defensive posture was? Yes, so raised in a pardon? Was dismissed. Yes, was dismissed. So, for example, Am Energy versus Rocky's Maine Council of Atlantic Salmon Federation versus National Marine Fisheries, all cases cited by MVP and FERC. But again, they were dismissed for lack of jurisdiction because the agency can't fix the problem. It would be unconstitutional in all locations at all times. And if the rule is it's only there's only jurisdiction if it's raised defensively, well, they don't want that to be the rule because that would open Pandora's box. If every defensive claim can be heard in district court, you'd have a district court judge deciding what kind of snail or bat is endangered or whether there's a less intrusive route. And that can't be the rule. And it's not the rule. The rule is, is it fact intensive? And is there an opportunity for error correction? And if the answer is yes, then it goes to the agency. If the answer is no, then it goes under Penn East and there is jurisdiction. Mr. Marwell said that your clients participated in the proceedings but chose not to intervene and make this non-delegation argument. Why, why not? Your honors, I point the court to Taylor v. Sturgill. Justice Ginsburg says there is no duty to intervene and there is no preclusive effect for a failure to intervene, number one. And number two, um, had we had, had they gone through the review scheme, this court, once it got to the appellate court would have properly declined jurisdiction as it did in Delaware Riverkeeper, as it did in because FERC has to have jurisdiction in the first instance. If, if we were to go to FERC today and they were to probably sit on it for six to 12 months, but after sitting on it, their decision is going to be, we can't answer this question. So there's a lack of agency action. And so there are no, that's a difficult argument for you to make in this case where the direct appeal from the agency proceedings and from the denial of rehearing has been long resolved. It may be a difficult argument, but, and it's a rare argument. However, I think this court has found under its precedent that FERC has to have jurisdiction in the first instance for the appellate court to have jurisdiction in the second instance. Otherwise we're wasting everybody's time, not just the landowners and the agency's resources, but also if I'm an investor in MVP and there's a constitutional question, it's in my interest to have an answer from the district court on, is this constitutional or not? Because I'm a businessman, business hates uncertainty. And I want the district court to tell me if it's actually the project is going to go through. But this court also can make those decisions. It's a question not of whether you get a federal form. It's a question of in what sequence and when. This court can't make the decision if FERC didn't have jurisdiction over the question in the first place, which they've told us in the certificate order, we can't answer the question. So that's not the case. I mean, we decide constitutional issues that FERC doesn't have jurisdiction over all the time, don't we? You decide other as-applied questions, but not pure questions of law where there's no opportunity for FERC to fix it. But you said the distinction is not facial versus as-applied. It's not because that line is hazy. That is a general rule. What is your distinction, just to say? The distinction is if it's a fact-intensive inquiry where there's an opportunity for error correction, then it's under type A. And that covers all of the cases where a landowner is alleging noncompliance with the certificate or where you want to move the location of the pipeline. So Berkeley, for example, they referenced that in their argument. That was an argument that said there's no public need or public benefit in this particular location. But they're not saying in Berkeley, they're not saying the certificate can't ever be valid under any facts, which is what we're saying. They're instead saying there's no public need, there's no public benefit in this particular route. And so again, we see an opportunity for error correction because the agency can move the location of the pipeline or they can add tabs where there is public need. And so that would avoid the constitutional question altogether. In our instance, there's nothing they can do to fix the problem. All right. Thank you very much. Thank you, Your Honors. The case is submitted.
judges: Pillard, Wilkins, Walker